UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| YIELD NATION, LLC, AND BENJAMIN BUCKWALTER, Plaintiffs, | ) |
| vs. | ) Cause No. |
| ADAM CLARK and AMANDA CLARK AND KEVIN SCHWERS and AMELIA SCHWERS Defendants. | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

COMES NOW, Plaintiffs, YIELD NATION, LLC and BENJAMIN BUCKWALTER, by and through counsel, Andrew H. Koor, and for their Memorandum in Support of Their Motion for a Temporary Restraining Order, state to the court as follows:

1. That Plaintiffs have instituted herein a Petitioner for Damages Slander.

2. That irreparable harm to the Plaintiffs, by the Defendants is immenent, in that since May 1, 2020, out of anger and intention to harm, the Defendants have begun contacting the customers of the Plaintiffs and did maliciously and in reckless disregard for the truth make false statements about the Plaintiffs that include, but are not limited to:

a. That the Defendant's claimed they owned Nutriplant;

b. That the Plaintiff, BENJAMIN BUCKWALTER, was fired from Nutriplant in October of 2019;

c. That the Defendants claimed they worked for Yield Nation, LLC;

d. That the Plaintiff, BENJAMIN BUCKWALTER, was fired from Yield Nation in October of 2019;

e. That the Plaintiff, BENJAMIN BUCKWALTER, is a scam artist;

f. That the Plaintiff, BENJAMIN BUCKWALTER, is a drug addict;

g. That the Defendants have claimed they were the owners or employees of Nutriplant and that they were investigating the Plaintiffs for selling untested products that will hurt the customer crops;

h. That the products the Plaintiffs sell are missing proprietary ingredients that make the product actually work;

i. That Yield Nation, LLC, products do not offer the same benefits of Nutriplant;

j. That the Plaintiffs' product will clog up sprayers;

k. That the product the Plaintiffs provided them was the wrong product and that it was harmful;

L. That the Plaintiffs' products are untested;

3. That the statements made by the Defendants to the Plaintiffs' customers are false.

4. Defendant's are aware that their statements to the Plaintiffs' customers are false.

5. That Defendants deliberately made their false accusation in an effort to subject Plaintiffs to public ridicule, scorn, dishonor, and embarrassment in the business

community given that their accusations indicated that Plaintiffs engaged in selling a counterfeit product, an action regarded as a dangerous, dishonest, and underhanded business practice.

6. That the Defendants deliberately made their false statements in an effort to cause Plaintiffs direct and substantial financial damage in that the obvious and intended result of such accusations was the Plaintiffs' loss of current and future customers and a loss of reputation.

7. That if the Court does not issue a Temporary Restraining Order herein, the Plaintiffs' will suffer irreparable harm to their business.

8. That the Defendants continue to contact the customers of the Plaintiffs and maliciously and in reckless disregard for the truth make false statements about the Plaintiffs.

9. That as a direct result of the Defendants' false statements to the Plaintiff's customers, the Plaintiffs have suffered damage to their reputation, the Plaintiffs have lost customers and have been forced to refund customers in the amount of approximately One Hundred Thousand Dollars ($100,000.00) as of this filing.

10. That Plaintiffs have no adequate remedy at law.

11. That notice of the Petition for Damages Slander and Motion for Temporary Injunction and Notice of Hearing on the Motion for Temporary Injunction has been given to the Defendants, by regular and electronic mail simultaneously with the filing of said Petition and Motion with the Court.

12. That Plaintiffs request that this court grant forthwith and with notice to Defendants, a Temporary Restraining Order Preventing the Defendants, and all persons acting on their behalf, from making any statements regarding the Plaintiffs to any of the Plaintiffs' current or prospective customers or business associates.

WHEREFORE, for all of the above stated reasons, Plaintiff respectfully requests that this Court grant their Motion for a Temporary Restraining Order against Defendants; attorney fees and Court costs incurred herein; and for any and all other relief this Court deems just and appropriate under the circumstances.

[signature]
Benjamin Buckwalter, Plaintiff

[signature]
Benjamin Buckwalter, member
Yield Nation, LLC

STATE OF MISSOURI )
) SS.
COUNTY OF ST. CHARLES )

Benjamin Buckwalter, of lawful age, being duly sworn on his oath, states that he is the Plaintiff named in the above and foregoing Motion for Temporary Injunction, that he has read same and that the statements contained therein are true according to his best knowledge and belief.

[signature]
Benjamin Buckwalter, Plaintiff

Subscribed and sworn to before me this 20 day of May, 2020

NOTARY PUBLIC STATE OF MISSOURI NOTARY SEAL

LINDA CAULFIELD
My Commission Expires
February 27, 2024
St. Charles County
Commission #12456342

Linda Caulfield
Notary Public

STATE OF MISSOURI )
)SS. On this ____ day of ___________, 2020,
COUNTY OF ST. CHARLES )

before me appeared Benjamin Buckwalter to me personally known, who, being by me duly sworn, did say that he is a member of Yield Nation, LLC, a Limited Liability Company of the State of Missouri, and that said instrument was signed on behalf of said Limited Liability Company and said Benjamin Buckwalter acknowledged said instrument to be the free act and deed of said Limited Liability Company.

Benjamin Buckwalter, member
Yield Nation, LLC

Subscribed and sworn to before me this 20 day of May, 2020.

Linda Caulfield
Notary Public

NOTARY PUBLIC NOTARY SEAL STATE OF MISSOURI

LINDA CAULFIELD
My Commission Expires
February 27, 2024
St. Charles County
Commission #12456342

SUDDARTH & KOOR, LLC
ANDREW H. KOOR, #35384
Attorney for Plaintiffs
755 West Terra Lane
O'Fallon, MO 63366
(636) 240-7644
(636) 240-4644 - facsimile
akoor@suddarthandkoor.com