IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| YIELD NATION, LLC, and | ) |
| BENJAMIN BUCKWALTER, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:20-cv-690-JAR |
| KEVIN SCHWERS, et al., | ) |
| Defendants. | ) |

**Defendants' Response in Opposition to Plaintiffs'
Motion for a Temporary Restraining Order**

Plaintiffs' motion for a temporary restraining order should be denied, and this case should be dismissed in its entirety, because this Court does not have subject matter jurisdiction. It is clear from the face of Plaintiffs' single-count complaint for slander that there is no diversity of citizenship and that this case does not arise under federal law. Because this Court lacks original subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1332, the case should be dismissed and Plaintiffs' motion for a temporary restraining order should be denied.

**I.    Background**

   **A.    Overview**

As set forth in the verified "Petition for Damages Slander" (the "Petition"), Plaintiffs are Benjamin Buckwalter and the company that he sells product through, Yield Nation, LLC. ECF 6, at ¶¶ 1-2. Buckwalter resides in Missouri. Id. ¶ 2. Yield Nation is organized under Missouri law and has its principal place of business in Missouri. Id. ¶ 1. As further alleged in the "Petition," Defendants Adam and Amanda Clark also reside in Missouri, while Defendants Kevin and

1

Amelia Schwers reside in Iowa. Id. ¶¶ 3-4.

For their claim against Defendants, Plaintiffs allege that Defendants made a series of "false statements about the Plaintiffs" to "Plaintiffs' customers" that have caused Plaintiffs economic and reputational harm. ECF #6, at ¶¶ 8, 13.  In their motion for a temporary restraining order, Plaintiffs ask the Court to enjoin Defendants from "making any statements regarding the Plaintiffs to any of the Plaintiffs' current or prospective customers or business associates."  ECF #1, at ¶ 12.

Plaintiffs' motion consists largely of a restatement of the allegations in the "Petition." ECF #1.  In addition, Plaintiffs have filed a memorandum in support of their motion, ECF #1-1, which appears to largely replicate the motion.  Neither the Motion nor Memorandum (collectively, the "Motion") cite any evidence or case law in support of Plaintiffs' sweeping request for injunctive relief.  ECF #1; ECF #1-1. Nor do Plaintiffs anywhere explain why they believe this Court has jurisdiction to hear this state law claim between non-diverse parties.  See ECF #6, at ¶¶ 1-13.

**B.      Plaintiffs Did Not Notify Defendants of the "Petition" or Motion, in any Manner, Until Two Days Before the Requested Hearing Date.**

Plaintiffs filed the "Petition" and the Motion on May 26, 2020. The following day, May 27, Plaintiffs filed a Notice of Requested Hearing, asking the Court to hold the hearing on Plaintiffs' Motion on June 4.  ECF 9.  In making this request, Plaintiffs told the Court that Defendants had been notified of the requested hearing, and Defendants further certified that a copy of the Notice Requesting Hearing was sent to Defendants on May 27.  Id.  As Plaintiffs' own filings show, however, none of the Defendants had received the Notice, Motion, or "Petition" before June 2.  See ECF #12-13, June 2, 2020 Proof of Service for Adam and Amelia Clark; ECF 14, email from the office manager of counsel for Plaintiffs to Kevin Schwers

2

("Attached please find a copy of the Petition for Damages and Slander along with accompanying documents, including a Motion for Temporary Restraining Order…."). On June 2, the Court on its own motion continued the hearing to June 11. ECF #15.

## II.     Standard of Review

"A temporary restraining order is an extraordinary and drastic remedy." City of Berkeley, Missouri v. Ferguson-Florissant Sch. Dist., 2019 WL 1558487, at *2 (E.D. Mo. Apr. 10, 2019). "Temporary injunctive relief functions to preserve the status quo until, upon final hearing, a court may grant full, effective relief." Amdocs, Inc. v. Bar, 2016 WL 9405679, at *3 (E.D. Mo. May 23, 2016) (additional citations omitted). "To determine whether a temporary restraining order is warranted, the Court considers four factors: 1) the threat of irreparable harm to the moving party; 2) the state of the balance between the harm to the moving party and the harm that granting the injunction will inflict on the other parties; 3) the probability that the moving party will succeed on the merits; and 4) the public interest." Berkeley, 2019 WL 1558487, at *2. "[T]he burden of proving that the relief should be awarded rests entirely on the movant." Id. (quotations omitted)

## III.     Argument

### A.     Plaintiffs' Motion for Temporary Restraining Order Should Be Denied Because this Court Does Not Have Subject Matter Jurisdiction Over Plaintiffs' Claim.

"Federal courts are courts of limited jurisdiction." Godfrey v. Pulitzer Pub. Co., 161 F.3d 1137, 1141 (8th Cir. 1998). District courts have original subject matter jurisdiction over two types of cases: (1) federal question cases, which arise "under the Constitution, laws, or treaties of the United States"; and (2) diversity of citizenship cases. 28 U.S.C. § 1331; 28 U.S.C. § 1332. The requirement that jurisdiction be established as a threshold … is inflexible and without

3

exception." Godfrey, 161 F.3d at 1141. "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Rule 12(h)(3).

Plaintiffs do not set forth in the "Petition" any basis for federal jurisdiction, in contravention of Rule 8(a)(1).  Nor could they, as it is clear from the face of the "Petition" that this Court does not have jurisdiction under either § 1331 or § 1332.

First, this case does not present a federal question. Slander, which is a form of defamation, is a state law claim not cognizable under federal law.  See, e.g., Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 70 (Mo. banc 2000) (listing elements); McKay v. City of St. Louis, 2016 WL 4594142, at *8 (E.D. Mo. Sept. 2, 2016) (describing slander as a "state-law" claim); Lutfi v. Lockheed Martin Corp., 78 F. Supp. 3d 364, 367 (D.D.C. 2015) (ruling that defamation does not arise under federal law).  Because Plaintiffs' claim does not arise under federal law, this Court does not have federal question jurisdiction under § 1331.  Howard v. Cherry, 2019 WL 6794205, at *2 (W.D. Ark. Sept. 30, 2019) report and recommendation adopted, 2019 WL 6792770 (W.D. Ark. Dec. 12, 2019) (§ 1331 does not confer federal question jurisdiction over claim for defamation); Lutfi, 78 F. Supp. 3d at  367 (same); Nelsen v. S. Poverty Law Ctr., 2020 WL 1067000, at *4 (W.D. Mo. Mar. 5, 2020) ("Given that Davis' claim sounds in defamation, the requirements for diversity jurisdiction must be met for the Court to have subject-matter jurisdiction."); see also Brown v. Peterson, 156 F. App'x 870, 871 (8th Cir. 2005) (unpublished) (affirming district court's refusal to exercise supplemental jurisdiction over state-law slander

4

claim).

Second, there is no diversity jurisdiction because there is no diversity of citizenship between the parties. Diversity jurisdiction "may be maintained only where there is complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." Junk v. Terminix Int'l Co., 628 F.3d 439, 445 (8th Cir. 2010) (additional citations omitted). District courts consistently refuse to entertain defamation claims where there is not complete diversity between the parties.  See, e.g., Howard, 2019 WL 6794205, at *2; Newport v. Gross, 2011 WL 1136551, at *2 (W.D. Mo. Mar. 25, 2011); Lutfi, 78 F. Supp. 3d at 367; Coffee v. Ameritech, Inc., 2003 WL 168629, at *2 (N.D. Ill. Jan. 17, 2003). In Lufti, for example, the District Court, after observing that defamation is not a cognizable federal claim, ruled that it lacked diversity jurisdiction because the plaintiff and certain of the defendants all resided in the same state. 78 F. Supp. 3d at 367-68. In reaching this conclusion, the Lufti court specifically rejected the plaintiff's argument that the parties were sufficiently diverse because, according to the plaintiff, "*at least one* of the Defendants and the Plaintiff are from diverse states." Id. (emphasis added).  Citing the well-established rule that "[d]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff," the district court ruled that diversity was lacking and dismissed plaintiffs' case. Id. (emphasis original).

Here, the "Petition" makes clear that both Plaintiffs and two of the Defendants, Adam Clark and Amanda Clark, are citizens of Missouri:

5

> 1. That Plaintiff, YIELD NATION, LLC, is a duly formed limited liability company in good standing in the State of Missouri, with its principal office located in St,. Charles County, Missouri.
>
> 2. That at all times mentioned herein Plaintiff, BENJAMIN BUCKWALTER, is a resident of the State of Missouri currently residing at 3109 Winghaven Pointe Drive, O'Fallon, MO 63366.
>
> 3. That at all times mentioned herein Defendants, ADAM CLARK AND AMANDA CLARK, are residents of the State of Missouri currently residing at 202 Waterford Crystal Drive, O'Fallon, MO 63366.

ECF #6, at ¶¶ 1-3.

This is fatal to Plaintiffs' case. Because two Defendants are citizens of the same state as Plaintiffs, there is not "complete diversity," and diversity jurisdiction cannot be maintained. § 1332; Junk, 628 F.3d at 445; Lutfi, 78 F. Supp. 3d at 367-68. Plaintiffs' entire case should be dismissed for lack of jurisdiction.

      **B.**      **Plaintiffs' Motion for a Temporary Restraining Order Should Be Denied Because Plaintiffs Fail to Carry Their Burden.**

Even if there was jurisdiction, which there is not, Plaintiffs' motion fails because Plaintiffs do not establish that they are entitled to preliminary injunctive relief. As the moving party, Plaintiffs bear the burden of establishing they are entitled to this "extraordinary and drastic remedy." Berkeley, 2019 WL 1558487, at *2. But Plaintiffs offer no credible evidence to support any of the four factors that courts in this Circuit consider when assessing a request for preliminary injunctive relief (i.e. threat of irreparable harm; balance of harms; likelihood of success on the merits; public interest). Instead, Plaintiffs' Motion consists largely of conclusory recitals of the preliminary injunctive relief factors and lacks any substance that would support a

finding that Plaintiffs actually are entitled to such relief.  In fact, Plaintiffs do not even address three of the four factors in their motion.  Further dooming their motion, Plaintiffs' verified allegations are so general and conclusory that they lack any probative value and cannot support the issuance of preliminary injunctive relief.  See Watkins, Inc. v. Lewis, 346 F.3d 841, at 846 (8th Cir. 2003) (affirming denial of motion of preliminary injunctive relief where allegations of wrongdoing were too general to assess claim of irreparable harm).

### i.     *Plaintiffs Fail to Show Irreparable Harm.*

"Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Watkins, 346 F.3d at at 844 (8th Cir. 2003).  "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." 401 S. 18th St., LLC v. O'Loughlin, 2020 WL 2114493, at *2 (E.D. Mo. May 4, 2020).

Plaintiffs offer no evidence of irreparable harm.  Rather, Plaintiffs merely claim: "That if the Court does not issue a Temporary Restraining Order herein, the Plaintiffs' [sic] will suffer irreparable harm to their business." ECF # 1, at ¶ 7.  Apart from this conclusory statement, Plaintiffs make no attempt to show irreparable harm, much less irreparable harm to Plaintiffs (as opposed to harm "to their business").  Nor do Plaintiffs support their contention that they have no adequate remedy at law, which itself is belied by the injuries Plaintiffs allege they have sustained.  For these reasons alone, Plaintiffs' motion should be denied. Watkins, 346 F.3d, at 844.

### ii.    *Plaintiffs Cannot Succeed on the Merits Because, Among Other Reasons, They Cannot Overcome the Court's Lack of Subject Matter Jurisdiction.*

Of the four factors courts in this Circuit consider when assessing a request for a

temporary restraining order, "the probability of success factor is the most significant." Home Instead, Inc. v. Florance, 721 F.3d 494, 497 (8th Cir. 2013). "An injunction cannot issue if there is no chance of success on the merits." Mid-Am. Real Estate Co. v. Iowa Realty Co., 406 F.3d 969, 972 (8th Cir. 2005).

Here, Plaintiffs have no chance of success.  As an initial matter, Plaintiffs nowhere even attempt to argue that they are likely to succeed on the merits. In any case, for the reasons set forth in section III.A, above, as well as those set forth in Defendants' forthcoming Motion to Dismiss,[1]  Plaintiffs' claim cannot survive 12(h)(3) or Rule 12(b)(1) because this Court does not have subject matter jurisdiction over Plaintiffs' claim.  For this reason alone, Plaintiffs are foreclosed from prevailing on their slander claim and, therefore, "an injunction cannot issue." Id.; Arbaugh, 546 U.S. at 514.

Even disregarding the lack of jurisdiction, this factor weighs against Defendants because Plaintiffs provide no evidence that would support a finding that they have a reasonable probability of success on the merits. There is no specific evidence, for example, about the alleged statements, which form the core of Plaintiffs' case. ECF #1, ECF #1-1.  Plaintiffs offer no evidence at all for when the alleged statements were made, who, specifically, they were made by, or who, specifically, they were made to.  Id.  Moreover, Plaintiffs offer no evidence that the alleged statements are false or that they have caused Plaintiffs damages. Id.

> iii.   ***The Remaining Factors, the Potential Harm to Defendants and the Public Interest, Also Counsel Against Issuance of a Temporary Restraining Order.***

In addition to irreparable harm and likelihood of success on the merits, Courts assessing a

---

[1] Plaintiffs served Defendants Adam and Amanda Clark on June 2, 2020, making their responsive pleading due by June 23, 2020.

motion for a temporary restraining order consider (a) the potential harm to the non-moving party if the injunction is issued and (b) the public interest. Plaintiffs do not address either factor in their motion, much less explain how these factors would support Plaintiffs' motion. In any event, these factors, like the irreparable harm and likelihood of success factors, counsel against the issuance of preliminary injunctive relief.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for a temporary restraining order, dismiss Plaintiffs' claim with prejudice, award Defendants their costs and attorney's fees in defending this motion, and award Defendants such other relief that the Court deems appropriate.

Dated: June 9, 2020                     Respectfully submitted,

**DOWD BENNETT LLP**

By: /s/ Matthew K. Crane
    Matthew K. Crane                    #65854
    7733 Forsyth Blvd., Suite 1900
    St. Louis, Missouri 63105
    (314) 889-7300 (telephone)
    (314) 863-2111 (facsimile)
    mcrane@dowdbennett.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

> Andrew H. Koor
> **SUDDARTH & KOOR, LLC**
> 755 West Terra Lane
> O'Fallon, MO 63366
> (636) 240-7644
> (636) 240-4644 - facsimile
> akoor@suddarthandkoor.com

          /s/ Matthew K. Crane